# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**U.S. BANK NATIONAL ASSOCIATION,**
**AS TRUSTEE FOR BAFC 2007-2,**

      **Plaintiff,**

**v.**                                                    **Case No:   6:14-cv-1326-Orl-22KRS**

**DORENE DEAN, CRAIG DEAN,**
**ANY AND ALL UNKNOWN PARTIES**
**CLAIMING BY, THROUGH, UNDER,**
**AND AGAINST THE HEREIN NAMED**
**INDIVIDUAL DEFENDANT(S) WHO**
**ARE NOT KNOWN TO BE DEAD OR**
**ALIVE, WHETHER SAID UNKNOWN**
**PARTIES MAY CLAIM AN INTEREST**
**AS SPOUSES, HEIRS, DEVISEES,**
**GRANTEES, OR OTHER CLAIMANTS,**
**TENANT #1, TENANT #2, TENANT #3**
**and TENANT #4 THE NAMES BEING**
**FICITITIOUS TO ACCOUNT FOR**
**PARTIES IN POSSESSION.**

      **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

    This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **APPLICATIONS TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Doc. Nos. 4, 5)**
>
> **FILED:**    **August 18, 2014**

    Dorene Dean and Craig Dean are defendants in a state court foreclosure action filed in the Circuit Court of the Seventh Judicial Circuit in and for Volusia County, Florida on July 10, 2008.

Doc. No. 8. On July 23, 2009, the state court entered a final judgment of foreclosure against all of the defendants. Doc. No. 7-3 at 14-18. A notice of a foreclosure sale to be held on August 19, 2014, was issued. Doc. No. 7-5 at 30. The Deans removed the case to this Court on August 18, 2014. Doc. No. 1. They contend that removal was proper because the plaintiff in the underlying state court action violated federal law and because this Court has federal appellate jurisdiction under the Judiciary Act of 1789, among other reasons. *Id.* at 2. The Deans seek to proceed *in forma pauperis*. Doc. Nos. 4, 5.

## II. ANALYSIS.

"According to the *Rooker-Feldman* doctrine, 'a United States District Court has no authority to review final judgments of a state court in judicial proceedings.'" *Powell v. Powell*, 80 F.3d 464, 466 (11th Cir. 1996) (quoting *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983)). *Rooker-Feldman* applies only in cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Arthur v. JP Morgan Chase Bank, N.A.*, --- F. App'x ---, 2014 WL 2620955, at *4 (11th Cir. June 13, 2014) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)) (unpublished decision cited as persuasive authority). "The *Rooker-Feldman* doctrine . . . applies when '(1) the success of the federal claim would effectively nullify the state court judgment, or . . . (2) the federal claim would succeed only to the extent that the state court wrongly decided the issues.'" *Id.* at *5 (internal quotations omitted).

As discussed above, the state court record reflects that a final judgment was entered by the Circuit Court on July 23, 2009. The Deans argue that this Court should dismiss the state court action because the judgment entered is void. *See* Doc. No. 2. They are, therefore, asking this

Court to review and reject the state court judgment. Under these circumstances, *Rooker-Feldman* is applicable. That is, the Deans could only prevail in this Court if the state court wrongly decided the issues and a judgment from this Court to that effect would effectively nullify the state court judgment. Therefore, this Court lacks subject-matter jurisdiction over this case.

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Accordingly, remand is appropriate in this case.

### III. RECOMMENDATION.

For the reasons stated above, I **RESPECTFULLY RECOMMEND** that the Court **REMAND** this case to the Circuit Court of the Seventh Judicial Circuit in and for Volusia County, Florida and direct the Clerk of Court to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 19, 2014.

> *Karla R. Spaulding*
> KARLA R. SPAULDING
> UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy